UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND T. FAIR II

          Plaintiff,

Case No.

vs.

KELSEY WADE, nka KELSEY BUNCH,
TROOPER ALFIO NOCIFORA,
TROOPER ADAMS
SERGEANT CHRISTOPHER TUCKEY

          Defendants.
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, by and through his attorneys Heyboer Law PLC, and for his Complaint against Defendants says:

### JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to the Fourth and Fourteenth Amendment of the U.S. Constitution; 42 USC § 1983; as well as 28 USC §1331 (federal question); 28 USC §1343 (original jurisdiction over civil rights claims) and an award of damages to redress the deprivation of rights guaranteed to him by the Constitution and the laws of the United States.

1

2. Venue is properly laid in the Eastern District of Michigan, Southern Division, pursuant to 28 USC §1391(b), being the judicial district where the events and omissions giving rise to this action occurred and it is believed that some of all the Defendants reside.

## PARTIES

3. Plaintiff, a resident of St. Clair County, Michigan.

4. Upon information and belief, Defendant KELSEY WADE, nka KELSEY BUNCH, is a resident of St. Clair County, Michigan.

5. Upon information and belief, Defendant TROOPER ALFIO NOCIFORA is a resident of St. Clair County, Michigan.

6. Upon information and belief, Defendant TROOPER ADAMS is a resident of St. Clair County, Michigan.

7. Upon information and belief, Defendant SERGEANT CHRISTOPHER TUCKEY is a resident of St. Clair County, Michigan.

8. At all times relevant hereto, Defendant Bunch was a detective with the St. Clair County Sheriff's Department.

9. At all times relevant hereto, Defendant Nocifora was employed as a trooper with the Michigan State Police.

10. At all times relevant hereto, Defendant Adams was employed as a trooper with the Michigan State Police.

11. At all times relevant hereto, Defendant Tuckey was employed as a sergeant with the Michigan State Police.

12. Plaintiff is the former husband of Jennifer Capling.

13. In July 2002 Jennifer Capling was residing at 5544 Burtch Road, Jeddo, Michigan.

14. Due to her failing health, for an extended period of time prior to July 2022 and with the permission of Ms. Capling, Plaintiff was residing at the residence of Ms. Capling and was her caregiver.

15. That Defendant Bunch is the niece of Jennifer Capling.

16. That on or about June 17, 2022, Defendant Bunch filed a Petition with the St. Clair County Probate Court, case no: 22-11-0180-GA, seeking to be appointed the guardian of Ms. Capling.

17. That pursuant to the Petition for Appointment of Guardian, Defendant Bunch was appointed Ms. Capling's temporary guardian on June 22, 2022.

18. That on or about July 7, 2022, Defendant Bunch filed a Petition with the St. Clair County Probate Court, case no: 22-11-0198-CA, seeking to be appointed the conservator of Ms. Capling.

19. That on or about July 8, 2022, at approximately 6:52 p.m., the Defendants appeared at the residence located at the Burtch Road property for the

intended purpose of removing Plaintiff and his property from Ms. Capling's residence.

20. Prior to their arrival at the Burtch Road property, Defendant Bunch had discussed with Defendants Nociforo, Adams and Tuckey, that it was her intention to remove Plaintiff and his possessions from the Burtch Road home.

21. Prior to their arrival at the property, Defendants Nociforo, Adams and Tuckey met at a local store awaiting a call from Defendant Bunch.

22. In fact, prior to their arrival at the Burtch Road property, Defendant Bunch informed Defendants Nociforo, Adams and Tuckey, that Plaintiff had a temper, and as she believed Plaintiff would be difficult to deal with, she wanted a show of force present at the residence when Plaintiff was being removed from the property.

23. At no time did Defendant Bunch or Ms. Capling provide Plaintiff with a Notice to Quit as required under the Michigan Summary Proceeding Act, MCL 600. 5701 et. seq.

24. At no time did Defendant Bunch or Ms. Capling have an Order of Eviction issued by a court as required under the Michigan Summary Proceeding Act, MCL 600. 5701 et. seq.

25. To effectuate their plan, upon the arrival of the Defendants at the property, and upon information and belief, Sgt. Tuckey asked Plaintiff to exit the residence, which he did, and he was then informed that he was being removed from the property and would not be allowed to return to the residence.

26. Thereafter, Defendants Nociforo, Adams and Tuckey actually entered the residence and proceeded to remove Plaintiff's clothing and personal effects from the residence and thrown the items in a pile on the ground.

27. At all times relevant, Plaintiff opposed the actions of Defendants, and he was actually restrained by Defendants Nociforo, Adams and Tuckey when he sought to reenter and remain at the residence.

28. The Defendants knew that before a tenant could be forced to vacate a residence it would be necessary that they had an Order of Eviction issued by a court under the Michigan Summary Proceeding Act, MCL 600.5701 et.seq.

29. Defendants knew that they did not have an Order of Eviction.

30. While upon the premises, Defendant's Nociforo, Adams and Tuckey were each in Michigan State Police motor vehicles and were wearing Michigan State Police uniforms, all of which included the insignia of the Michigan State Police.

31. Upon Defendant Bunch's arrival at the property, she was driving her county issued motor vehicle which she uses in the ordinary course of her duties as a detective and member of the St. Clair County Sheriff's Department.

32. That while Defendants Defendant's Nociforo, Adams and Tuckey were preventing Plaintiff from reentering the residence, Defendant Bunch was changing to locks at the residence.

33. That as a result of the actions of Defendant, Plaintiff gathered his items of personal property which were thrown in a pile in the yard of the Burtch Road residence and departed the scene.

## COUNT I-VIOLATION OF FOURTH AMENDMENT

34. Plaintiff incorporates paragraph 1-33.

35. The Fourth Amendment to the Constitution provides:

> "The right of the people to be secure in their persons, house, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrant shall issue, but upon probable cause, supported by Oath or affirmative and particularly describing the place to be searched, and the person of things to be seized."

36. Plaintiff seek damages pursuant to 42 USC§ 1983 against Defendants who, while acting under the color of law, violated Plaintiff's clearly established civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to, the right to be free from unlawful seizures of his person and property.

37. Defendants violated Plaintiff's right to be free from unlawful seizures of his person and property, in violation of the Fourth Amendment of the U.S.

Constitution and actionable under 42 USC§ 1983, by entering into the Burtch Road residence, and causing the removal of both Plaintiff and his personal property.

38. That at all times relevant, Defendants, acting under the color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth and Fourteenth Amendments to the United States Constitution.

39. That the actions of Defendants was a joint effort to evict Plaintiff and to remove his property from the premises.

40. Defendants' actions were intentional, objectively unreasonable, unnecessary, excessive, reckless, and/or grossly negligent in violation of Plaintiffs' clearly established rights under the United States Constitution.

41. Based upon the foregoing, Defendant violated Plaintiff's Fourth Amendment rights to be free from an unreasonable seizure of property.

42. As a result of the foregoing, Plaintiff is entitled to compensatory damages on his Fourth Amendment claim and as well as punitive damages.

43. Punitive damages are warranted in the instant case as Defendant's conduct is highly representable.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

## COUNT II-VIOLATION OF PROCEDURAL DUE PROCESS

44. Plaintiff incorporates paragraphs 1-43.

45. MCL 600.5701 et. seq. provides the means and methods for the eviction of a tenant from a residence.

46. At all times relevant hereto, Plaintiff was a tenant at the residence of Ms. Capling.

47. Nowhere under the law, and based upon the circumstances which existed in the instant case, may agents of the government remove a person and/or his property from a residence, without notice.

48. Under the provisions of MCL 600.5701 et. seq., Plaintiff was entitled to the issuance of a Notice to Quit and thereafter, a court hearing on his right of possession at the Burtch Road property.

49. That the actions of Defendants were all committed under the color of law.

50. That Plaintiff, as a tenant and the owner of his personal property, had a property interest in the items under the Due Process Clause of the 14th Amendment to the Constitution of the United States.

51. Additionally, as set forth herein, the actions of Defendants denied Plaintiff of the procedural protections under MCL 600.5701 et. seq., and thus violated Plaintiff's rights to procedural due process.

52. Defendants' actions were intentional, objectively unreasonable, unnecessary, excessive, premeditated, reckless, willful, wanton and/or grossly negligent in violation of Plaintiff's clearly established rights under the United States Constitution.

53. As a result of the foregoing, Plaintiff is entitled to compensatory damages on his First Amendment retaliation claim and as well as punitive damages.

54. Punitive damages are warranted in the instant case as Defendant's conduct is highly representable.

WHEREFORE, for the foregoing reasons, Plaintiff requests Judgment in that amount which includes compensatory and punitive damages, as well as attorney fees as allowed pursuant to 42 USC 1983; 1988.

                                    HEYBOER LAW PLC
                                    Attorneys for Plaintiff

                                  */s/David R. Heyboer*
                                  DAVID R. HEYBOER (P27975)
                                  3051 Commerce Drive, Suite 1
                                  Fort Gratiot, MI 48059
                                  (810) 982-9800
                                  (810) 982-1148 - FAX
July 7, 2025                      heyboerlaw@gmail.com

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that the Plaintiff herein demands trial by jury of all issues in said cause.

HEYBOER LAW PLC
Attorneys for Plaintiff

*/s/David R. Heyboer*
DAVID R. HEYBOER (P27975)
3051 Commerce Drive, Suite 1
Fort Gratiot, MI  48059
(810) 982-9800
heyboerlaw.gmail.co

July 7, 2025